**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BAD VIBES FOREVER, LLC,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:22-cv-00785

Judge Franklin U. Valderrama

Magistrate Judge Gabriel A. Fuentes

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

**I.  INTRODUCTION**

Plaintiff, BAD VIBES FOREVER, LLC ("BAD VIBES" or "Plaintiff"), brings the present action against the Defendants identified on Schedule A (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in Plaintiff's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products infringing the XXXTENTACION Trademarks (the "Counterfeit/infringing XXXTENTACION Products") through various fully interactive commercial internet websites operating under at least the Defendant Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores").

**II.  STATEMENT OF FACTS**

On February 23, 2022, this Court granted BAD VIBES' Motion for a Temporary Restraining Order [15] (the "TRO"). The authorized BAD VIBES to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert A. Celestin, Esq. and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [15] at ¶ 8. Since and pursuant to entry of the TRO, dozens of Alipay accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Keith A. Vogt (hereinafter "Vogt Declaration") at ¶ 2.

BAD VIBES respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit XXXTENTACION Products during the

2

pendency of this litigation. As part of the Preliminary Injunction, BAD VIBES requests that Defendants' Alipay accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

BAD VIBES respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based counterfeiting, has also issued preliminary injunctions following a temporary restraining order. *See, e.g., Bad Vibes Forever, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00414 (N.D. Ill. Feb. 11, 2022) and *Toho Co., Ltd v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00282 (N.D. Ill. Jan. 31, 2022). *See* Exhibit 1 to Declaration of Keith A. Vogt (hereinafter "Vogt Declaration").

##### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill.

1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a).

BAD VIBES requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of dozens of foreign accounts, linked to the Defendant Internet Stores which were offering for sale and/or selling infringing XXXTENTACION Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. The amount of damages to which BAD VIBES is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen Alipay accounts. As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, BAD VIBES respectfully requests that this Court enter the preliminary injunction.

DATED: March 15, 2022

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

                                                    */s/ Keith A. Vogt*
                                                    Keith A. Vogt