Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAD VIBES FOREVER, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     Defendants. | No.: 22-cv-00414<br><br>Judge Franklin U. Valderrama |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff BAD VIBES FOREVER, LLC (BAD VIBES or Plaintiff) filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, Defendants) and using at least the online marketplace accounts identified in Schedule A (the Online Marketplaces). After reviewing the Motion and the accompanying record, the Court GRANTS BAD VIBES's Motion as follows.

The Court finds BAD VIBES has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 1, 2022, R. 17 (the TRO), and Federal Rule of Civil Procedure 65(a)(1).

The Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants based on Plaintiff's unrebutted assertions that Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, BAD VIBES has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of BAD VIBES's federally registered trademarks, which are covered by U.S. Trademark Registration Nos. 5,654,600; 5,771,321; and 5,627,992 (the XXXTENTACION Trademarks) to residents of Illinois. In this case, BAD VIBES has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the XXXTENTACION Trademarks. *See* R. 12, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the XXXTENTACION Trademarks.

The Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of BAD VIBES' previously granted Motion for Entry of a TRO establishes that BAD VIBES has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that BAD VIBES will suffer irreparable harm if the injunction is not granted.

Specifically, BAD VIBES has proved a *prima facie* case of trademark infringement because (1) the XXXTENTACION Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the XXXTENTACION Trademarks, and (3) Defendants' use of the XXXTENTACION Trademarks is causing a likelihood of confusion as to the origin or

sponsorship of Defendants' products with BAD VIBES. Furthermore, Defendants' continued and unauthorized use of the XXXTENTACION Trademarks irreparably harms BAD VIBES through diminished goodwill and brand confidence, damage to BAD VIBES' reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, BAD VIBES has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, the Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the XXXTENTACION Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BAD VIBES product or not authorized by BAD VIBES to be sold in connection with the XXXTENTACION Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BAD VIBES product or any other product produced by BAD VIBES, that is not BAD VIBES's or not produced under the authorization, control, or supervision of BAD VIBES and approved by BAD VIBES for sale under the XXXTENTACION Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of BAD

VIBES, or are sponsored by, approved by, or otherwise connected with BAD VIBES; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for BAD VIBES, nor authorized by BAD VIBES to be sold or offered for sale, and which bear any of BAD VIBES's trademarks, including the XXXTENTACION Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) the identity and location, including contact information, their true name and physical address, and all associated e-mail addresses, of Defendant; (b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Internet Stores of Defendants, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history; and (c) the steps taken by Defendants to comply with paragraphs 1, (a)-(d) above.

3. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

4. Upon BAD VIBES's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as ContextLogic Inc. d/b/a Wish.com (WISH),

(collectively, the Third Party Providers), shall, within ten (10) business days after receipt of such notice, provide to BAD VIBES expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, WISH, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon BAD VIBES' request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defendants in connection with the sale of counterfeit and infringing goods using the XXXTENTACION Trademarks.

6. Any Third Party Providers, including WISH, shall, within ten (10) business days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Robert A. Celestin, Esq., and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by the Court.

7. BAD VIBES may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert A. Celestin, Esq. and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Li_hui meimei and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. The Clerk of Court is directed to unseal Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Robert A. Celestin, Esq. [12], and the TRO [17].

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The $10,000.00 bond posted by BAD VIBES shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Date: 2/11/2022

_____
United States District Judge
Franklin U. Valderrama

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOHO CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | No. 22-cv-00282<br><br>Judge Franklin U. Valderrama |

## PRELIMINARY INJUNCTION ORDER

Plaintiff TOHO CO. LTD. ("TOHO" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, the Court GRANTS TOHO's Motion in part as follows.

The Court finds TOHO has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 19, 2022, [15], which became effective January 24, 2021 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

The Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants based on TOHO's unrebutted assertions that Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, TOHO has provided a basis to conclude that Defendants have targeted sales to

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of TOHO's federally registered trademarks which are protected by U.S. Trademark Registration Nos. 4,183,291; 2,360,489; 2,211,328; 1,858,403; 2,134,696; 1,161,858; 1,163,122; 6,172,295; and 5,093,240 (the "GODZILLA Trademarks") to residents of Illinois. In this case, TOHO has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using counterfeit versions of the GODZILLA Trademarks. *See* Docket No. 12, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the GODZILLA Trademarks.

The Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of TOHO's previously granted Motion for Entry of a TRO establishes that TOHO has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that TOHO will suffer irreparable harm if the injunction is not granted.

Specifically, TOHO has proved a *prima facie* case of trademark infringement because (1) the GODZILLA Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized

to use any of the GODZILLA Trademarks, and (3) Defendants' use of the GODZILLA Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with TOHO. Furthermore, Defendants' continued and unauthorized use of the GODZILLA Trademarks irreparably harms TOHO through diminished goodwill and brand confidence, damage to TOHO's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, TOHO has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, the Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the GODZILLA Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TOHO product or not authorized by TOHO to be sold in connection with the GODZILLA Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TOHO product or any other product produced by TOHO, that is not TOHO's or not produced under the authorization, control, or supervision of TOHO and approved by TOHO for sale under the GODZILLA Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of TOHO, or are sponsored by, approved by, or otherwise connected with TOHO; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for TOHO, nor authorized by TOHO to be sold or offered for sale, and which bear any of TOHO's trademarks, including the GODZILLA Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) the identity and location, including contact information, their true name and physical address, and all associated e-mail addresses, of Defendant; (b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Stores of Defendants, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history; and (c) the steps taken by Defendants to comply with paragraphs 1, (a)-(d) above.

3. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

4. Upon TOHO's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. ("Amazon") and PayPal, Inc. ("PayPal"), (collectively, the "Third Party Providers"), shall, within ten (10) calendar days after receipt of such notice, provide to TOHO expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon TOHO's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4 shall within ten (10) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

        Defendants in connection with the sale of counterfeit and infringing goods using the GODZILLA Trademarks.

6. Any Third Party Providers, including Amazon and PayPal, shall, within ten (10) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Koji Ueda, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by the Court.

7. TOHO may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Koji Ueda and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Nanchang Far Mile Garment Co., Ltd. and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Koji Ueda [12], the TRO [15] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The Ten Thousand ($10,000) bond posted by TOHO shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED:

Franklin U. Valderrama
United States District Judge

Dated: January 31, 2022